UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES CLINTON MCCORVEY, JR.** <br> **BOP#06261-017** | : | **CIVIL ACTION  NO. 2:14-cv-878** <br> **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a *pro se* petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner James McCorvey.  McCorvey is an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP"); he is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (hereinafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
### Background

Following a jury trial, McCorvey was found guilty of possession with the intent to distribute cocaine, and possession of a firearm by a convicted felon. Doc. 1, att. 1, p. 7.  On April 24, 2006, the government filed a notice of enhancement listing a felony battery, battery on a law enforcement officer, and a drug offense as prior convictions for purpose of enhancing McCorvey's sentence. *Id.*  On May 23, 2006, he was sentenced in the United States District Court for the Northern District of Florida to 294 months imprisonment. *Id.* McCorvey then

appealed the judgment of conviction and the sentence imposed but the United States Court of Appeals for the Eleventh Circuit affirmed both on February 26, 2007. *Id.*

McCorvey filed his first § 2255 motion on December 6, 2007, which was denied on January 8, 2009. *Id.* Certiorari was denied by the United States Supreme Court in March 2010. *Id.* McCorvey filed another § 2255 motion on December 17, 2010. Doc. 1, p. 3. On January 25, 2011, the petition was dismissed as second and successive. *Id.* McCorvey then filed an application with the Eleventh Circuit seeking permission to file a second or successive § 2255 which was denied on April 11, 2011. Doc. 1, att. 1, p. 7.

McCorvey filed his first § 2241 petition in the Fourth Circuit in June of 2010 and it was dismissed in March of 2011. *Id.* He filed a second § 2241 petition with this court on May 20, 2011. *Id.* The petition was dismissed on October 28, 2011. Doc. 1, att. 1, p. 8. The Fifth Circuit denied his appeal on September 27, 2012. *Id.* Certiorari was denied by the United States Supreme Court on March 25, 2013. *Id.*

The instant writ of *habeas corpus* was filed on April 25, 2014, pursuant to 28 U.S.C. § 2241. Doc. 1. McCorvey now claims that his sentence should be vacated, and that he should be resentenced without the enhancement because the "sentencing court misapplied the 'modified categorical approach' in determining whether his Florida battery conviction qualified as a 'violent felony'" under the Armed Career Criminal Act (hereinafter "ACCA"). Doc. 1, att. 1, p. 8. McCorvey bases his contention on the United States Supreme Court's ruling in *Descamps v. United States*, 133 S.Ct. 2276 (2013). Doc. 1, att. 1, p. 9. He also makes the same basic argument that he has previously advanced, namely that the U.S. Supreme Court's ruling in *Johnson v. United States,* 559 U.S. 133 (2010), mandates that his sentence be vacated as the prior

convictions used to enhance his sentence are no longer considered to be crimes of violence for the purposes of 18 USC §924(e). Doc. 1, att. 1, p. 16.

## II.
## Law and Analysis

*Habeas corpus* petitions filed pursuant to 28 USC §2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). By contrast, a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, McCorvey collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) that his claim was foreclosed by circuit law at the time it should have been raised in his trial, appeal, or first motion under §2255. *Reyes-Requena*, 243 F.3d at 904. The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Id.*

McCorvey does not satisfy the criteria set forth above. As previously discussed, citing *Johnson*, *supra*, he contends that his sentence was wrongfully enhanced because his prior state convictions for battery under Florida law are not qualifying predicate offenses under the ACCA. Doc. 1, att. 1, p. 22. However, the first factor in *Reyes–Requena* as enumerated above requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or that he or she was convicted for engaging in conduct that did not constitute a crime. *Jeffers*, 253 F.3d at 830 (citing *Reyes–Requena*, 243 F.3d at 903, 904).

Here McCorvey challenges only the enhancement of his sentencing, not his original conviction. He asserts that he is "actually innocent" of being a career offender. The Fifth Circuit, however, has consistently rejected such claims under the savings clause of §2255. *Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011); *Kinder v. Purdy*, 222 F.3d 209, 213, 214 (5th Cir. 2000). We note with particular significance the difference between a claim that one is "actually innocent" of being a career offender for the purposes of challenging a sentence enhancement and a claim that one is "actually innocent" of the crime for which he or she was convicted. The former does not warrant review under §2241 and this is precisely what McCorvey now asserts. *Bradford*, 660 F.3d at 230. Accordingly, he cannot meet the nonexistent offense requirement of *Reyes-Requena*.

In addition, McCorvey's reliance on the retroactive application of *Descamps* and *Johnston* is equally misguided in this context. The Supreme Court has emphatically stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).[1]

---

[1] Several district courts have well-noted the Court's holding on this issue. See *Randolph v. United States*, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not… indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps*

The Court has not declared either of the rules established in these cases to be retroactively applicable on *collateral* review.

### III.
### Conclusion

Since McCorvey has not met the savings clause requirements, his claims are not properly brought under §2241, and this court lacks jurisdiction to consider his claims under §2255. In sum, the petitioner has not shown that his remedies under §2255 are inadequate under the savings clause

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

---

retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 23rd day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE